**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

United States of America,

Plaintiff,

v.

Anthony Earl Mumphrey,

Defendant.

No. CR-25-50029-001-PHX-DJH

**ORDER**

Pro Se Defendant, Anthony Earl Mumphrey ("Mumphrey") seeks a reduction in sentence "to obtain FSA, halfway house home confinement[.]" (Doc. 22).[1] The Government filed a Response opposing his request. (Doc. 24). The Court will deny Mumphrey's request for the reasons that follow.

Mumphrey's bare bones pleading seeks a modification of the Court imposed disposition on his supervised release violation imposed on June 25, 2026. (Doc. 19). In that proceeding, the Court found that he violated the mandatory condition that he work full time at a lawful occupation unless excused by his probation officer. Mumphrey failed to notify his probation officer before he quit his employment at Champion Home Builders on April 10, 2015. The Court dismissed additional allegations pending against Mumphrey including that he committed state law violations by engaging in driving under the influence of liquor/vapors and illegally possessed a controlled substance. (Doc. 19). Based on the admitted violation, and in consideration of the totality of other non-compliant conduct, the

[1] Mumphrey's pleading is untitled but given the relief he seeks, the Court will construe it as a Motion to Modify and/or Reduce Sentence under the First Step Act.

Court imposed a custody term of 6 months followed by a new supervised release term of 48 months. (Doc. 21).

Mumphrey now invokes the First Step Act [“FSA’] to modify his custody term to halfway house or home confinement. Yet, a court “may not modify a term of imprisonment once it has been imposed.” 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The FSA now provides defendants’ an opportunity to reduce his/her sentence under 18 U.S.C. § 3582, allowing them to bring their own motions for compassionate release after exhausting their administrative remedies with the BOP. *See* First Step Act of 2018, Pub. L. No. 115-391; 18 U.S.C. § 3582(c)(1)(A).

Here, Mumphrey’s pleading is bare bones. He provides no explanation or reasons for the Court to rethink its order on final disposition. Moreover, it is silent on whether Mumphrey sought release through exhausting administrative remedies as required under the FSA. So, the Court is without reasoned explanation as to Mumphrey qualifies for the relief he seeks under the FSA or under section 3582(c). Accordingly, the Court will not grant his requested relief.

**IT IS ORDERED** denying the Defendant’s Motion to Modify and/or Reduce Sentence (Doc. 22).

Dated this 2nd day of October, 2026.

Honorable Diane J. Humetewa
United States District Judge